UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL WEST,

    Petitioner,

v.                                      Case No. 5:21cv43-RV-HTC

SHERIFF OF BAY COUNTY,

    Respondent,
_____/

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, Daniel West, proceeding *pro se* and *in forma pauperis*, filed an amended petition under 28 U.S.C. § 2241 on March 18, 2021, seeking immediate release from Bay County Jail and arguing that the lower court failed to hold a jury trial in over three (3) years and four (4) months because of "bias[ed] judges and ineffective asst. of counsel."  ECF Doc. 4 at 3.  For relief he requested only the following, "I want to be release[d] from Jail (ASAP)."  *Id.* Because, as discussed more fully below, his petition has been mooted by his release from Bay County Jail after he was acquitted in a jury trial, the undersigned recommends this case be dismissed with prejudice.

I.  **BACKGROUND**

At the time he filed suit, Petitioner was a detainee in the Bay County Jail facing charges of Aggravated Battery with a Firearm, False Imprisonment and Aggravated Assault with a Firearm in Bay County case 2016 CF 5080.[1] He initiated this case with a hand-written writ, in which he complained he has been a pretrial detainee based on a Bay County circuit court criminal charge for over three (3) years without his case going to trial and argued this delay violated his rights under the Sixth and Fourteenth Amendments. ECF Doc. 1. He sought immediate release under 28 U.S.C. § 2254. *Id.* at 1.

The Court reviewed the writ and entered an order instructing Petitioner that 28 U.S.C. § 2254 does not apply to him because he is not challenging a "judgment" of a state court but rather a challenge to ongoing pretrial detention. ECF Doc. 3. Thus, if Petitioner wanted to proceed, he had to file an amended petition on this Court's forms under 28 U.S.C. § 2241. *Id.* (citing *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) ("a person held in . . . pre-trial detention would not be 'in

---

[1] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records. Additionally, the Court will instruct the clerk to post as exhibit to this Report and Recommendation the state court docket, which the undersigned considered in recommending this dismissal. *Paez*, 947 F.3d at 649 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only.")).

Petitioner filed an amended petition under § 2241, ECF Doc. 4, on March 18, 2021, which the Court reviewed and found sufficient to be served. ECF Doc. 7. Thus, on March 29, 2021, the Court ordered Petitioner to provide two (2) service copies or payment to the clerk to provide the copies by April 28, 2021. *Id.* Petitioner failed to do so, and after a show cause order and response by Petitioner, the Court issued an order on June 22, 2021, extending the time for Petitioner to provide the copies until July 6, 2021. ECF Doc. 13. That order was mailed to Petitioner at the Bay County Jail, but the mailing was returned to sender as "refused" on July 6, 2021. ECF Doc. 14.

Upon receiving notice that the mailing was returned, the Court reviewed the online docket of Petitioner's case (attached), which shows Petitioner was tried, acquitted, and released. Therefore, Petitioner is no longer in the custody that he challenges in his amended § 2241 petition.

## II. DISCUSSION

Under 28 U.S.C. § 2241, "the writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2241 (c). The "in custody" requirement is thus a prerequisite to invoking the subject matter jurisdiction of the court. *Unger*

*v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001). "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Because Petitioner no longer meets the "in custody" requirement in 28 U.S.C. § 2241, this action should be dismissed with prejudice. As an additional matter, as stated above, Petitioner has failed to update the Court with his address or provide service copies of the amended petition as directed. Thus, it appears Petitioner may no longer be interested in prosecuting this action and certainly has not complied with orders of the Court, which serves as an additional basis for dismissal

## IV.   CONCLUSION

Under Habeas Rule 4, the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Section 2254 Cases, Rule 4.

A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir.2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).[2]

Accordingly, it is ORDERED:

1. The clerk shall attach the online docket sheet from Bay County Case No. 2016 CF 5080 as an exhibit to this Report and Recommendation.

Additionally, it is respectfully RECOMMENDED that:

1. The Amended Petition under § 2241, ECF Doc. 4, be DISMISSED WITH PREJUDICE without an evidentiary hearing.

---

[2] Because the Court has no other address for Petitioner, the Court expects this Order and Report and Recommendation will also be returned as undeliverable. Nonetheless, the Petitioner has the opportunity to check the Court's docket for orders and filings.

Case No. 5:21cv43-RV-HTC

2.    The clerk be directed to close the file.

At Pensacola, Florida, this 9th day of July, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 5:21cv43-RV-HTC